# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOUCHSTONE, INC. doing business as Earth Tones, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-00456-TWP-DML |
| TELECARE, INC., | ) ) ) | |
| Defendant. | ) | |

## ENTRY ON AMOUNT OF DAMAGES ON DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Touchstone, Inc.'s ("Touchstone") Submission of Evidence in Support of Plaintiff's Claim for Default Judgment (Filing No. 21).

On August 1, 2014, the Clerk issued its Entry of Default, which was served on CT Corporation System, the registered agent for Defendant Telecare, Inc. ("Telecare") (Filing No. 16). Touchstone had previously served Telecare's president and its registered agent with the Request for Entry of Default by the Clerk (Filing No. 13, Filing No. 15).

After the Clerk's Entry of Default, Touchstone filed its Application for Entry of Default Judgment (Filing No. 17). Touchstone submitted detailed and adequate verified documentation showing the service of process upon Telecare. Telecare had until April 17, 2014, to respond to the complaint, but it never appeared or responded. Upon default judgment, the factual allegations of a well-pleaded complaint relating to liability are taken as true. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). On September 16, 2014, the Court entered default judgment in favor of Touchstone and against Telecare as to liability and the expenses for filing and service of summonses (Filing No. 18).

But Touchstone did not submit sufficient documentary evidence or detailed affidavits to allow the Court to enter default judgment as to the amount of damages. The allegations relating to the amount of damages suffered ordinarily are not taken as true on default. More is needed to show damages. *Dundee Cement Co.*, 722 F.2d at 1323. "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

Because of the lack of documentary evidence or detailed affidavits regarding the damage amount, the Court entered default judgment for Touchstone only as to liability and the expenses for filing and service of summonses and ordered Touchstone to submit documentary evidence or detailed affidavits to support its claim of $413,870.00 in damages ([Filing No. 18](Filing No. 18)).

Now before the Court is Touchstone's Submission of Evidence in support of its claim for damages ([Filing No. 21](Filing No. 21)). In support of its claim for damages, Touchstone has submitted (1) a detailed affidavit from its comptroller, Mr. Kenneth Sebesta, (2) a balance sheet showing the outstanding amounts owed by Telecare, (3) Telecare's commission sheets, (4) a document showing Telecare's invoices and payments, and (5) emails from Mr. Sebesta to Telecare.

Mr. Sebesta calculated the total amount of commissions for wireless and landline services owed by Telecare to Touchstone through June 2013 to be $333,870.71. Telecare stopped providing to Touchstone the monthly data on wireless services after June 2013.[1] Because Telecare stopped providing the data to Touchstone, Touchstone had to estimate what its earned commissions were from July 2013 to March 5, 2014. To calculate these commissions for wireless

---

[1] Telecare also stopped providing to Touchstone the monthly data on landline services after April 2013. Mr. Sebesta estimated Touchstone's earned commissions on landline services, but he acknowledged that payments made by Telecare have been applied to the landline commissions resulting in no amount owed to Touchstone for landline services.

services, Mr. Sebesta used Telecare's data for twelve months, from July 2012 through June 2013, to determine a monthly average of $11,518.17. Mr. Sebesta then rounded down to $10,000.00 to provide a conservative calculation of Touchstone's monthly earned commissions on wireless services. Touchstone's claimed damages from July 2013 to March 5, 2014 total $80,000.00. As noted above, Touchstone's claimed damages for unpaid commissions through June 2013 total $333,870.71. Thus, Touchstone's total claim for damages is $413,870.71.

The Court has reviewed Mr. Sebesta's affidavit and the supporting documentary evidence. After comparing Telecare's commission sheets and Touchstone's balance sheet, the Court finds that the total amount of unpaid commissions for wireless and landline services through June 2013 is $333,870.63.

Touchstone did not submit to the Court commission sheets for wireless services for July, August, September, or October of 2012, so the Court could not calculate a twelve month average for commissions after June 2013. Instead, based on the eight month average from the commission sheets submitted to the Court, Telecare owed Touchstone a monthly commission of $11,616.04 for wireless services after June 2013. The Court's calculation is slightly higher than Touchstone's calculation, so the Court will accept Touchstone's lower, conservative calculation of $10,000.00 for monthly earned commissions on wireless services. The Court finds that Touchstone's earned, unpaid commissions for wireless services from July 2013 to March 5, 2014 total $80,000.00.

Thus, the total amount of damages for unpaid commissions owed to Touchstone through March 5, 2014 is $413,870.63. Additionally, Touchstone requested its right under the contract to seek fees for its collection efforts, and this request was granted ([Filing No. 18](Filing No. 18)). The expenses for the filing fee ($400.00) and service of summonses ($26.58) were awarded in the Court's initial Entry of Default Judgment ([Filing No. 18](Filing No. 18)).

3

Default judgment is **ENTERED** in favor of Touchstone and against Telecare in the amount of $413,870.63 for Telecare's liability, which previously was entered by default judgment ([Filing No. 18](#)). Touchstone is awarded its expenses for the filing fee and service of summonses, $426.58. Further, Touchstone is awarded post-judgment interest on the total damage amount of $414,297.21 in accordance with 28 U.S.C. § 1961. Touchstone may seek fees for its collection efforts.

**SO ORDERED.**

Dated: 11/7/2014

*[Signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Hamid R. Kashani
HKashani@KashaniLaw.com

CT Corporation System
Registered Agent for Telecare, Inc.
150 West Market Street, Suite 800
Indianapolis, Indiana 46204

Jane Roudebush, President
Telecare, Inc.
444 Lafayette Road
Noblesville, Indiana 46060

Jane Roudebush, President
Telecare, Inc.
176 Logan Street, #232
Noblesville, Indiana 46060-1437